## LECLER *v.* OLIVIERI.

### APPEAL from the District Court of Mayagüez.

No. 44.—Decided February 15, 1904.

NULLITY OF PROCEEDINGS—DECLARATORY ACTIONS—INCIDENTAL ISSUES.—Petitions for the nullity of proceedings presented in an executory action and in compulsory proceedings still pending cannot be made the basis of a declaratory action, but may be the basis of an incidental issue in a proper case.

ID.—No incidental issues can be raised in executory actions other than those based upon questions of jurisdiction or arising from the consolidation of universal proceedings.

#### STATEMENT OF THE CASE.

This is an appeal taken by Guadalupe Lecler y Diendoné de Yurnet, in a declaratory action brought by her in the District Court of Mayagüez, against Ricarda Olivieri de Capifali, for nullity of proceedings, appellant being represented in this Supreme Court by Attorney Ignacio Delgado.

On the 20th of March, 1903, Guadalupe Lecler y Diendoné de Yurnet, through her counsel, Ignacio Hidalgo, brought an action in the District Court of Mayagüez against Ricarda Olivieri y Capifali, praying that after the proceedings of a declaratory action had been had, judgment be in due time rendered declaring null and void all the proceedings had since the 29th of October last in an executory action against her, commenced by Joaquin Tornabells, as assignee of Teófilo Olivieri, and afterward continued by the latter's sister Ricarda, as assignee of Tornabells, with costs and damages

hermana de éste, Doña Ricarda, como cesionario de Torna-
bells, con imposición de las costas y condena de daños y per-
juicios á la parte demandada, alegando que por haber cadu-
cado la instancia no pudo abrirse de nuevo el juicio y que
la cesión de Tornabells á Doña Ricarda Olivieri no se hizo
llenando los requisitos prescritos en el Artículo 1535, en re-
lación con el 1536, del antíguo Código Civil.

*Resultando*: que por órden de la Corte de Mayagüez cer-
tificó su Secretario que el juicio ejecutivo de referencia fué
iniciado por Don Joaquín Tornabells, como cesionario de Don
Teófilo Olivieri y lo siguió hasta el 27 de Marzo de 1899,
habiéndose presentado luego á continuarlo, en 29 de Octubre
de 1902, Doña Ricarda Olivieri de Capifali, como cesionaria
de Tornabells y ha estado en curso hasta el 16 de Febrero de
1903, en que se suspendió su vía de apremio en virtud de
tercería de dominio interpuesta por Don Darío Reyes.

*Resultando*: que en 31 de Marzo del año próximo pasado
la Corte de Mayagüez dictó auto declarando no haber lugar
á admitir y sustanciar la demanda interpuesta; y habiendo
solicitado reposición de dicho auto la representación de Doña
Guadalupe Lecler, fué también desestimada por auto de 14
de Abril siguiente.

*Resultando*: que contra ambas resoluciones de 31 de
Marzo y 14 de Abril, interpuso Doña Guadalupe Lecler re-
curso de apelación que le fué admitido; y elevados los autos
á esta Corte Suprema previa citación y emplazamiento de la
parte apelante, se dió al recurso la tramitación correspon-
diente, señalandose día para la vista, la que tuvo lugar sin
asistencia de Letardo alguno.

Abogado del apelante: *Sr. Hidalgo.*

La parte apelada no compareció.

EL JUEZ ASOCIADO SR. HERNÁNDEZ, después de exponer los
hechos anteriores, emitió la opinión del Tribunal.

*Considerando*: que la cuestión traida á debate en la de-
manda producida por Doña Cuadalupe Lecler y Diendoné, se

against the party defendant, alleging that inasmuch as the action had extinguished, the case could not be opened anew, and that Tornabells' assignment to Ricarda Olivieri had been made without complying with the provisions of article 1535 taken in connection with article 1536 of the old Civil Code.

By order of the Mayagüez court the clerk thereof certified that the executory action referred to had been instituted by Joaquín Tornabells, as assignee of Teófilo Olivieri, and prosecuted by him up to March 27, 1899, the same being continued on the 29th of October, 1902, by Ricarda Olivieri de Capifali, as assignee of Tornabells, until the 16th of February, 1903, when the proceedings for judicial compulsion were suspended owing to the intervention of ownership interposed by Darío Reyes.

On the 31st of March last, the Mayagüez court made an order dismissing the complaint, and a motion for a rehearing having been made by counsel for Guadalupe Lecler, the same was also overruled on the 14th of April following.

From both the orders of March 31 and April 14, Guadalupe Lecler entered an appeal, which was allowed. The papers having been forwarded to this Supreme Court, after citing the party appellant, the appeal was conducted under the proper proceedings, and a day set for the hearing, which was had, no counsel being present.

*Mr. Hidalgo,* for appellant.

The respondent did not appear.

MR. JUSTICE HERNÁNDEZ, after making the above statement of facts, delivered the opinion of the court.

The issue raised in the action brought by Guadalupe Lecler has reference to the annulment of the proceedings in the

refiere á nulidad de actuaciones en el procedimiento de apremio aún pendiente de un juicio ejecutivo seguido contra la demandante, y por tanto no puede ser materia de un juicio declarativo, debiendo serlo, en su caso, de un incidente, con arreglo á los Artículos 741 y 744 de la Ley de Enjuiciamiento Civil, cuya ley marca también los trámites para su sustanciación; pero tal incidente sería inadmisible, por caber solamente en los juicios ejecutivos, los que nacen de cuestiones de competencia ó de acumulación de un juicio universal, según el Artículo 1478 de la ley citada.

Vistos los textos legales anteriormente citados.

Se confirma el auto apelado de 31 de Marzo del año próximo pasado, con su concordante de 14 de Abril siguiente, con las costas á la parte recurrente; y con certificación de esta resolución, devuélvanse los autos á la Corte de Distrito de Mayagüez á los fines procedentes.

Jueces concurrentes: Sres. Presidente Quiñones, y Asociados Figueras y MacLeary.

El Juez Asociado Sr. Sulzbacher no formó Tribunal en la vista de este caso.

compulsory process, which is still pending in connection with the executory action instituted against the plaintiff, and, therefore, it cannot be made the subject-matter of a declaratory action, but, in the proper case, that of an incidental issue, according to articles 741 and 744 of the Law of Civil Procedure, which also prescribes the proceeding for the prosecution thereof. Such incidental issue, however, would be inadmissible, inasmuch as in executory actions no incidental issues can be raised other than those based upon questions of jurisdiction or from consolidation of universal proceedings, according to article 1478 of aforesaid Law of Procedure.

Having examined the aforementioned legal provisions, the order of the 31st of March last, appealed from, and the one concordant therewith—that of the 14th of April following—are affirmed, with costs against appellant.

With a certificate of this decision, the record of the District Court of Mayagüez is ordered to be returned for proper action.

Chief Justice Quiñones and Justices Figueras and Mac-Leary concurred.

Mr. Justice Sulzbacher did not sit at the hearing of this case.